IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCO A. DEL ROSARIO, et al.**

       **Plaintiffs,**                      Case No. 2:09-cv-457

       v.                                  JUDGE EDMUND A. SARGUS, JR.

**JEFFERY C. TABOR, et al.**          MAGISTRATE JUDGE MARK R. ABEL

       **Defendants.**

## OPINION AND ORDER

Plaintiffs Marco A. del Rosario and Jodie M. del Rosario[1] filed this action for alleged police misconduct against Defendants City of Columbus, Jeffrey[2] C. Tabor, and Lisa M. Smith. This matter is before the Court for consideration of Defendants' Motion to Dismiss The First Amended Complaint. (Document 16.) For the reasons that follow, Defendants' Motion (Document 16) is hereby **GRANTED**.

### I.

This case stems from an altercation at the Cinco de Mayo festival in Columbus, Ohio on May 4, 2007. Plaintiffs' allegations are as follows.

According to the First Amended Complaint, while Plaintiffs attended the festival with their children, Jodie witnessed Defendant Tabor assaulting a third party. (Am. Compl. ¶ 7–10.) Jodie reported this observation to Marco and then left the area in search of a police officer to report the assault. (*Id.* at ¶ 13.) Marco approached Tabor, who pushed Marco and grabbed his throat. (*Id.* at ¶ 14–15.) While Tabor held Marco by the throat, Jodie re-approached Tabor, shouting, and then hit Tabor. (*Id.* at ¶ 16–17.)

---

[1] Because Plaintiffs share the same surname, the Court will refer to them by their first names for clarity and brevity.

[2] The Court assumes that Defendants' pleadings contain the correct spelling of Defendant Jeffrey Tabor's first name, spelled as "Jeffery" in the complaint.

Several people then "came to the aid of Tabor, restraining both Plaintiffs and throwing both to the ground, then hand cuffing" them and spraying their faces with mace or a similar product. (Am. Compl. ¶ 18.) Specifically, Tabor and several other men "grabbed" Marco and knocked him onto the ground with a "football style block-tackle," while Tabor continued to push, grab, and strike Marco. (*Id.* at ¶ 19.) The assault alleged in the First Amended Complaint concluded with "multiple police personnel" placing their knees on Marco's head and back. (*Id.* at ¶ 19.) Jodie allegedly fared no better; Defendant Smith and others "[threw] Jodie del Rosario to the ground," handcuffed her, and sprayed mace or a similar product into her face. (*Id.* at ¶ 20.)

According to the First Amended Complaint, during the above altercation, Smith, Tabor, and other persons mocked Plaintiffs for their apparent ethnicity, race, national origin, and language. (Am. Compl. ¶ 22.) Neither Tabor nor Smith wore a police uniform, and no uniformed officers were present. (*Id.* at ¶ 21.) "At no time prior to both Plaintiffs being fully subdued and handcuffed did anyone display . . . police identification of any kind" or "indicate . . . verbally that any such person was a . . . law enforcement officer, nor did any person state that . . . Plaintiffs were under arrest." (*Id.* at ¶ 21.)

After the altercation on May 4, 2007, Plaintiffs' First Amended Complaint alleges only the following:

> 23. Throughout the period of time from the initial event at a public gathering through the end of the trial of Marco del Rosario, Defendants continued the various deprivation and acts upon Plaintiff through a course of continuing conduct of Defendants in contravention of the United States Code statutes and constitutional claims of this Complaint and the seven claims of Plaintiffs contained herein.
>
> 24. Plaintiff Marco del Rosario was found not guilty of all charges after great expense, extended incarceration and trial on April 14, 2008.
>
> 25. Plaintiff Jodie del Rosario did plead guilty to a minor charge in the summer of 2007 so as [to be] able to return home and take care of her children.

(Am. Compl. ¶¶ 23–25.)

2

Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988[3] (Am. Compl. ¶¶ 26–28, 30, 32, 34, 35); and appear to assert claims under Ohio law for use of excessive force (*id.* at ¶ 30), malicious prosecution (*id.* at ¶ 31), false imprisonment (*id.* at ¶ 32), and violations of the Ohio Constitution (*id.* at ¶ 29).

## II.

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III.

### A. Claims under §§ 1983 and 1985

The statute of limitations applicable to actions under §§ 1983 and 1985 is the same as the statute of limitations applicable to personal injury actions under the law of the state in which the claims arose. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)); *Frontera v. City*

---

[3] To the extent that Plaintiffs also attempt to sue directly under the Constitution, such claims are not cognizable because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations. *McQuire v. City of Moraine*, 178 F. Supp 2d 882, 889 n.7 (S.D. Oh. 2001) (citing *Sanders v. Prentice-Hall Corp. Sys.*, No. 97-6138, 1999 U.S. App. Lexis 2113, *4 n.2 (6th Cir. Feb. 8, 1999)). Plaintiffs appear to concede this point in their memorandum. (Pls.' Mem. 11.)

3

*of Columbus*, No. 2-06-1046, 2008 WL 203026 at *4 (S.D. Oh. Jan. 22, 2008) (citing *Savage v. Unknown FBI Agents*, No. 97-3311, 142 F.3d 436 (6th Cir. 1998)). Because Plaintiffs' §§ 1983 and 1985 claims arose in Ohio, the applicable statute of limitations is two years. Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros.*, 103 F.3d at 520). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir 1991).

Here, the applicable statute of limitations began to run on May 4, 2007, when the altercation occurred. Thus, assuming that the statute of limitations has not been tolled, the statute of limitations expired for Plaintiffs on May 4, 2009. Having filed their original complaint on June 8, 2009, Plaintiffs do not contend that they brought this action within the two year statute of limitations based on an accrual date of May 4, 2007. Instead, they appear to assert that (i) Defendants' continuing violations, as part of a larger discriminatory practice, preserved Plaintiffs' claims, and (ii) the statute of limitations should be tolled under Ohio law due to Marco's alleged psychological disability following the altercation.

### 1. *Continuing Violation*

The continuing violation doctrine can preserve claims that otherwise would not satisfy the statute of limitations. As this Court has explained:

> The continuing violation doctrine has the effect of preserving claims based on incidents that occurred outside of the limitations period if those incidents were part of a larger discriminatory "practice" that continued into the limitations period. The continuing violation theory is a narrow exception to the ordinary rule that statute of limitations begin to run at the time the alleged discriminatory acts

4

occurred. Courts have been reluctant to apply the continuing violation theory outside the context of Title VII, and rarely extend it to § 1983 claims.

*Frontera v. City of Columbus*, No. C2-06-1046, 2008 U.S. Dist. Lexis 4412, 15–16 (S.D. Oh. Jan. 22, 2008) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

The Sixth Circuit applies a three-part test to determine whether a continuing violation exists for the purpose of a statute of limitations. *Frontera*, 2008 U.S. Dist. Lexis 4412 at *17 (citing *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). "First, a defendant's wrongful conduct must continue after the precipitating event that began the pattern. Second, injury to the plaintiff must continue to accrue after that event. Third, further injury to the Plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct." *Id.*, 2008 U.S. Dist. Lexis 4412 at *17 (citing *Tolbert*, 172 F.3d at 940) (citations and quotations omitted).

The Court finds that Plaintiffs have alleged insufficient facts to assert a continuing violation. The First Amended Complaint makes only conclusory allegations regarding Defendants' acts or omissions following May 4, 2007:

> Throughout the period of time from the initial event at a public gathering through the end of the trial of Marco del Rosario, Defendants continued the various deprivation and acts upon Plaintiff through a course of continuing conduct of Defendants in contravention of the United States Code statutes and constitutional claims of this Complaint and the seven claims of Plaintiffs contained herein.

(Am. Compl. ¶ 23.) This language fails to satisfy the standard set by *Twombly* and *Iqbal*, in which the Supreme Court held that the courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555). The First Amended Complaint contains no allegations of actual conduct committed after

5

May 4, 2007. Because Plaintiffs make only conclusory allegations that Defendants' wrongful conduct continued after the initial altercation, Plaintiffs' attempt to assert a continuing violation fails upon the first part of the test set forth by the Sixth Circuit.

### 2. *Tolling the Statute of Limitations*

Plaintiffs also contend that the statute of limitations should be tolled under Ohio Revised Code § 2305.16 because Marco had "such severe debilitating psychological condition adjustment disorder that he became of unsound mind from May 5, 2007 through and including August 1, 2008." (Am. Compl. ¶ 27.) Section 2305.16 tolls the statute of limitations as to a plaintiff with an unsound mind under two circumstances. First, the statute of limitations is tolled if the plaintiff is of unsound mind "at the time the cause of action accrues." Ohio Rev. Code § 2305.16. This provision does not apply because Plaintiffs do not allege that Marco was of unsound mind on May 4, 2007, when the cause of action accrued. Rather, Plaintiffs appear to rely on the second part of § 2305.16, which provides:

> After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.

Ohio Rev. Code § 2305.16. The above provision requires, however, that the plaintiff be either "[i] adjudicated as being of unsound mind or [ii] confined under a diagnosed condition which renders him of unsound mind." *Id.*; *Fisher v. Ohio Univ.*, 63 Ohio St. 3d 484, 487 (Ohio 1992). Because Plaintiffs do not allege facts satisfying either requirement—that Marco has been adjudicated as being of unsound mind or confined under a diagnosed condition which renders him of unsound mind—the statute of limitations is not tolled under § 2305.16.

6

Plaintiffs have not alleged sufficient facts to constitute a continuing violation, and they did not file their claims under §§ 1983 and 1985 within the applicable statute of limitations. Those claims therefore fail as a matter of law and must be dismissed.

### B. Claim under § 1986

Plaintiffs' claims under § 1986 are subject to a one year statute of limitations. 42 U.S.C. § 1986 ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued"). As discussed above, Plaintiffs did not file their case within two years after the cause of action accrued; nor did they satisfy the earlier deadline under § 1986. Plaintiffs' claims under § 1986 therefore must be dismissed.

### C. Claim under § 1988

Plaintiffs attempt to assert a claim under 42 U.S.C. § 1988; however, that section does not provide for an independent cause of action. *McCarroll v. DiSantis*, No. 2:04-cv-900, 2006 U.S. Dist. Lexis 11023, *24–25 (S.D. Oh. Mar. 17, 2006) (citing 42 U.S.C. § 1988; *Spurlock v. Whitley*, 79 Fed. Appx. 837, 838 n.1 (6th Cir. 2003)). Plaintiffs' claim under § 1988 is therefore dismissed.

### IV.

Plaintiffs also allege that Defendants violated their rights under the Ohio Constitution and appear to allege state law claims for malicious prosecution, false imprisonment, false arrest, assault, and battery. Because the Court disposes of Plaintiffs' federal claims by this Order, the Court declines to exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, Plaintiffs' state law claims are dismissed without prejudice.

7

*See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001).

**V.**

For the reasons set forth above, Defendants' Motion (Document 16) is hereby **GRANTED**. Plaintiffs' federal claims are hereby **DISMISSED** with prejudice, and Plaintiffs' state law claims are hereby **DISMISSED** without prejudice. The Court directs the Clerk to enter judgment for Defendants.

**IT IS SO ORDERED.**

4-8-2016
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**